United States District Court
Southern District of Texas

**ENTERED**

July 31, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CARMEN BERTA C. DE SAITUMA CAGIZA and ILIDIO DO ROSARIO DANGE CAGIZA,<br>    Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:26-cv-04573 |
| versus | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| MARKWAYNE MULLIN and JOSEPH B. EDLOW,<br>    Defendants. | §<br>§<br>§ | |

### ORDER ADOPTING
### MEMORANDUM AND RECOMMENDATION

Plaintiffs Carmen Berta C. De Saituma Cagiza and Ilidio do Rosario Dange Cagiza proceed here *pro se*. They bring a challenge under the Administrative Procedure Act regarding delay in adjudication and ultimate denial of a I-140 petition by United States Citizenship and Immigration Services. See Dkt 18 at ¶¶46–68 (amended complaint). The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 7.

Plaintiffs filed an emergency motion for temporary restraining order on July 7, 2026. Dkt 16. They seek to enjoin the Government from taking any adverse action based on denial of the I-140 petition and to compel adjudication of other pending applications for immigration benefits. See id at 2. They request emergency relief based on allegations of severe financial harm, including potential foreclosure of their home. See id at 5.

Judge Bryan ordered the Government to file an expedited response. Dkt 23. Following full briefing by the

parties, she now recommends that the motion for temporary restraining order be denied. See Dkt 30 at 7. She further notes that a hearing on the request for preliminary injunction and a pending motion to dismiss by the Government will be set promptly. See ibid; see also Dkt 25 (motion to dismiss).

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

In light of the emergency nature of the relief requested, Judge Bryan ordered the parties to file objections within seven days. Dkt 30 at 8.

Plaintiffs filed objections. Dkt 31. They contend that Judge Bryan erred by (i) failing to address 5 USC §705, (ii) concluding that Plaintiffs were unlikely to succeed on the merits of their challenge to denial of the I-140 petition, and (iii) resolving jurisdictional issues related to their claims seeking to compel agency action prior to the preliminary injunction hearing. See id at 4–12.

On *de novo* review and determination, the objections lack merit.

*As to the first objection,* Plaintiffs brought the subject motion under 5 USC §705 and Rule 65 of the Federal Rules of Civil Procedure. See Dkt 16 at 1. Judge Bryan correctly and thoroughly applied the factors that apply when a party seeks preliminary injunctive relief in this context. See Dkt 30 at 3–4. Nothing cited by Plaintiffs—in §705 or otherwise—indicates that Judge Bryan failed to consider additional factors relevant to this analysis.

*As to the second objection,* Judge Bryan correctly applied the standards applicable to denial of an I-140 petition in determining that Plaintiffs were unlikely to succeed on the merits of this claim. See id at 4–5. As noted in her recommendation, decisions regarding such petitions are upheld so long as the agency "considered the relevant facts and articulated a satisfactory explanation for its decision." Id at 5, quoting *Joseph v Director of Texas Service Center, United States Citizenship and Immigration Services*, 2025 WL 458001, *3 (5th Cir). Plaintiffs contend that Judge Bryan failed to actually consider the explanation offered by USCIS in denying the petition at issue here. Dkt 31 at 8. To the contrary, as noted by Judge Bryan, the "extremely restrictive" standard of review applied in reviewing such denials is itself sufficient at this stage to show that Plaintiffs are unlikely to succeed on the merits. Dkt 30 at 5, quoting *Joseph*, 2025 WL 458001 at *1. Beyond this, the objections rely on the underlying decision's interpretation of the record placed before the agency. See Dkt 31 at 9–10. At least at this stage, these purported defects fail to demonstrate that Plaintiffs are likely to be able to show that USCIS failed to consider relevant facts and did not offer a satisfactory explanation for denying the petition.

*As to the third objection,* Judge Bryan correctly determined that Plaintiffs are unlikely to succeed on the merits of their claims seeking to compel or enjoin action under 5 USC §706(1) for lack of jurisdiction. See Dkt 30 at 6–7. Plaintiffs contend that decision in this regard should be reserved until the upcoming preliminary injunction hearing. Dkt 31 at 12. To be clear, Plaintiffs remain free to raise argument in this regard at hearing. But in assessing the pending motion for temporary restraining order, Judge Bryan correctly conveyed the preliminary view that a district court lacks jurisdiction to compel or enjoin an agency to take or refrain from taking a discretionary action within a specific timeframe absent a specific statutory or regulatory command. Dkt 30 at 7, citing *Li v Jaddou*, 2023 WL 3431237, *1 (5th Cir), and *D'Cruz v United States*

*Citizenship and Immigration Services*, 2024 WL 4523307, *2 (5th Cir). Plaintiffs nowhere in the objections identify such a command. They thus fail to demonstrate that they are likely to succeed on the merits of their claims seeking to compel or enjoin agency action.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 30.

The motion by Plaintiffs Carmen Berta C. De Saituma Cagiza and Ilidio do Rosario Dange Cagiza for temporary restraining order is DENIED. Dkt 16.

SO ORDERED.

Signed on July 31, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge